FILED
JAMES BONINI
CLERK

09 NOV -5 PM 12: 07

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| R+L CARRIERS, INC.<br>600 Gillam Road<br>Wilmington, Ohio 45177, | ) ) ) ) | CASE NO: 1:09 CV 818 |
| Plaintiff, | ) ) | JUDGE SPIEGEL, S. |
| vs. | ) ) ) | Jury Demand Endorsed Herein |
| AFFILIATED COMPUTER SERVICES<br>2828 N. Haskell Avenue<br>Dallas, Texas 75204, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

R+L Carriers, Inc. ("R+L") states the following for its complaint against Affiliated Computer Services ("ACS").

### Nature of the Action

1. This is an action for patent infringement in violation of 35 U.S.C. § 271(b) and (c).

### Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has general personal jurisdiction over Affiliated Computer Services, Inc. ("ACS") because of its continuous and systematic contacts with the State of Ohio. ACS is a registered foreign corporation, authorized to do business in the State of Ohio. Upon information

and belief, ACS does significant business in the State of Ohio, including through two subsidiaries and/or operating units: (1) wholly owned subsidiary Intellinex, LLC, a Delaware corporation headquartered in Cleveland, Ohio; and (2) Buck Consultants, LLC, a Delaware corporation, headquartered in New York, New York with offices in Cleveland, Ohio and Cincinnati, Ohio.

4. Upon information and belief, this Court has specific personal jurisdiction over ACS because it has caused and induced others to use, among other things, its TripPak Mobile Scanning Solutions, TripPak Enterprise Solutions, and associated TripPak products and services, within the state of Ohio in a manner that infringes on a patent owned by R+L, causing R+L harm and tortious injury in this judicial district.

5. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1391(d) and 1400(b).

## The Parties

6. R+L is a corporation organized and existing under the laws of the State of Ohio, and has its principal place of business at 600 Gillam Road, Wilmington, Ohio 45177.

7. Upon information and belief, ACS is a corporation organized and existing under the laws of Delaware, with its principal place of business at 2828 N. Haskell Avenue, Dallas, Texas 75204.

## The Infringed Patent

8. The United States Patent and Trademark Office duly and legally issued United States Patent No. 6,401,078 B1 ("the '078 Patent") entitled "Bill of Lading Transmission and Processing System for Less Than a Load Carriers" on June 4, 2002. A copy of the '078 Patent is attached as Exhibit A.

9. The '078 Patent claims a process directed to the transfer of shipping documentation for a package (freight) to a processing center. In particular, documentation for a package is scanned and transmitted wirelessly to a remote processing center. The processing center then prepares a loading manifest that includes the package, prior to the package being removed from the transporting vehicle.

10. R+L owns all right, title and interest in the '078 Patent via assignment.

### Actions Giving Rise to this Complaint

11. ACS is a global provider of business process and information technology services. ACS's information technology products and services offered for sale and sold include its TripPak line of products and services. ACS claims to provide "Comprehensive Business Process Outsourcing services to the global integrated freight delivery industry, as well as LTL carriers in the North American market place."

12. According to the ACS TripPak website, www.trippak.com, ACS offers customers the TripPak SERVICES product line which includes, among other products and services, TripPak Mobile Scanning. ACS offers the TripPak Mobile Scanning product and service, both separately and bundled as part of the TripPak Capture Anywhere product and service, to trucking customers to scan their paperwork from "virtually anywhere, including: in-cab scanning…" According to a press release published in *Corporate IT Update* on June 10, 2009, ACS and PeopleNet Communications Corp. ("PeopleNet"), another accused infringer of the '078 Patent, have partnered to "provide new mobile in-cab scanning solutions for fleets and drivers on the PeopleNet BLU platform." In an earlier press release published in *FleetOwner* online on Oct. 17, 2007, ACS announced that it is extending its TripPak SERVICES document capture solutions by introducing, "In-Cab Scanning at the 2007 American Trucking Assns. (ATA)

Management Conference and Exhibition in Orlando Florida, Oct. 20-23." The press release continues to describe the operation as, "scans document 'in cab' using Driver Tech technology." DriverTech LLC is yet another accused infringer of the '078 Patent.

13. Also through its TripPak website, ACS offers TripPak Enterprise, "a robust, cost-effective imaging and workflow system easily implemented and utilized for billing, settlements, AP and other back office documents…" ACS continues to state that one of the features of TripPak Enterprise is, "Integration with all ACS TripPak SERVICES document capture and processing options." One such option is the TripPak Mobile Scanning product and services.

14. ACS further touts the TripPak Enterprise product and service to customers by highlighting one of its many features, "Integration to other major dispatch system providers." ACS specifically requests information from customers via its online Request for Quote Form which enables a customer to request a quote for customizing TripPak Enterprise and/or TripPack Scan Anywhere to execute with a particular type of dispatch software. Representative samples of dispatch software that ACS specifies includes the following ACS TripPak partners: McLeod Software, TMW Software, and Maddocks Software. On information and belief, each of these TripPak partners provides software that allows for dispatch, load planning, and load tracking that in combination allows customers to prepare loading manifests.

15. The ACS Transportation and Logistics overview states that ACS also provides its customers with, "Systems Engineering and Integration," and, "Workflow and Application Development." On information and belief, ACS offers for sale and provides services and products to customers that comprise: TripPak Mobile Scanning for in-cab scanning of documents, TripPak Enterprise for image handling and workflow processing of documents

4

scanned in-cab, and software integration with third party software packages and/or ACS custom applications developed or customized on behalf of a customer to prepare loading manifests.

16. Upon information and belief, ACS promotes, adapts, and encourages the use of TripPak Mobile Scanning and TripPak Enterprise in a manner that infringes on the '078 Patent.

17. Upon information and belief, ACS is contributing to and actively inducing the infringement of the '078 Patent by marketing and selling its TripPak products and services in a manner that encourages motor carriers to remotely transmit shipping documents from onboard a motor vehicle to a remote processing facility. There, a loading document is prepared that includes the further transport of goods on another vehicle. ACS does so without leave or license of R+L, and in violation of R+L's rights.

## COUNT I—CONTRIBUTORY INFRINGEMENT

18. R+L repeats and realleges the allegations contained in paragraphs 1-17 above as if fully set forth herein.

19. Upon information and belief, ACS knowingly sells and offers to sell its TripPak Mobile Scanning separately and as part of its TripPak Capture Anywhere and TripPak Services products and services, TripPak Enterprise, and ACS custom workflow and application development services to customers who use them in conjunction with either or both ACS and other applications and processes, and in a manner that infringes on the patented process claims in the '078 Patent. ACS's conduct amounts to contributory infringement in violation of 35 U.S.C. § 271(c).

20. Upon information and belief, ACS has profited and will continue to profit from contributing to the infringement of the '078 Patent.

21. ACS's actions with regard to contributing to the infringement of the '078 Patent has caused and will continue to cause R+L substantial and irreparable injury, for which R+L is entitled to receive injunctive relief and adequate compensatory damages.

22. Further, the actions of ACS with regard to contributing to the infringement of the '078 Patent are willful such that R+L is entitled to treble damages under 35 U.S.C. § 284.

## COUNT II—ACTIVE INDUCEMENT OF INFRINGEMENT

23. R+L repeats and realleges the allegations contained in paragraphs 1-22 above as if fully set forth herein.

24. Upon information and belief, ACS knowingly encourages and intends for its customers to use its TripPak Mobile Scanning separately and as part of its TripPak Capture Anywhere and TripPak Services products and services, TripPak Enterprise, and ACS custom workflow and application development services to customers who use them in conjunction with either or both ACS or other applications and processes and in a manner that infringes on the patented process claimed in the '078 Patent. ACS's conduct amounts to active inducement of infringement in violation of 35 U.S.C. § 271(b).

25. Upon information and belief, ACS has profited and will continue to profit from actively inducing the infringement of the '078 Patent.

26. ACS's actions with regard to actively inducing the infringement of the '078 Patent has caused and will continue to cause R+L substantial and irreparable injury, for which R+L is entitled to receive injunctive relief and adequate compensatory damages.

27. Further, ACS's actions with regard to actively inducing the infringement of the '078 Patent are willful such that R+L is entitled to treble damages under 35 U.S.C. § 284.

## Demand for Relief

WHEREFORE, R+L respectfully requests that this Court enter judgment as to both count as follows:

A. Declare that R+L is the owner of the '078 Patent and that the '078 Patent is valid and enforceable;

B. Preliminarily and permanently enjoin ACS, its employees and agents, and any others acting in concert with ACS, from contributing to and/or actively inducing the infringement of the '078 Patent;

C. Award R+L its damages resulting from ACS's contribution to and active inducement of the infringement of the '078 Patent;

D. Award R+L treble damages pursuant to 35 U.S.C. § 284 as a result of ACS's willfulness in contributing to and actively inducing the infringement of the '078 Patent;

E. Declare that the nature of ACS's infringement is "exceptional" pursuant to 35 U.S.C. § 285 and award R+L its costs and attorney fees; and

F. Grant R+L such other relief as is just and proper.

## Jury Demand

R+L demands a trial by jury to the extent permitted by applicable law.

_____
Anthony C. White          (0062146)

Respectfully submitted,

*Anthony C. White*

| | |
|---|---|
| Anthony C. White | (0062146) |
| O. Judson Scheaf, III | (0040285) |
| Philip B. Sineneng | (0083406) |

THOMPSON HINE LLP
41 South High Street, Suite 1700
Columbus, Ohio 43215-6101
Tel: (614) 469-3200
Fax: (614) 469-3361
Tony.White@ThompsonHine.com
Jud.Scheaf@ThompsonHine.com
Philip.Sineneng@ThompsonHine.com

| | |
|---|---|
| Megan D. Dortenzo | (0079047) |
| Troy S. Prince | (0077443) |

THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Tel: (216) 566-5500
Fax: (216) 566-5800
Megan.Dortenzo@ThompsonHine.com

*Attorneys for Plaintiff R+L Carriers, Inc.*

11490629